IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALVIN DEVON CARSON, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 3:06-cv-329 |
| AJN HOLDINGS and PEPSI BOTTLING GROUP, | ) | |
| | ) | |
| Defendants | ) | |

## **MEMORANDUM OPINION**

This is a civil action alleging a violation of the Family Medical Leave Act, 29 U.S.C. § 2612(a)(1)(D) (FMLA). Plaintiff Alvin Carson contends that he was denied FMLA leave by Warehouse Manager Larry Maso and Human Rights Manager Jennifer Yantis following an injury to his left knee. Currently pending is the defendants' motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, motion for summary judgment [Court File #5]. Because matters outside the pleadings have been submitted and considered by the court, it will be treated as a motion for summary judgment. *See* Rule 12(c), Federal Rules of Civil Procedure. The *pro se* plaintiff has been afforded the opportunity to submit

evidence to refute the pending motion. For the reasons that follow, the motion for summary judgment [Court File #5] will be granted and this action dismissed.

I.

***Factual Background***

The following factual allegations are considered in the light most favorable to the plaintiff and are taken for the most part from plaintiff's deposition given in Civil Action No. 3:05-cv-294, an action previously pending in this court before Judge Varlan, arising out of the same incidents and in which plaintiff alleged race discrimination, workers' compensation retaliation, whistle-blower retaliation, defamation, breach of implied contract, breach of Tennessee's at-will employment doctrine, and violations of the FMLA and Health Insurance Portability Act.

Plaintiff was hired as a full-time employee by defendant Pepsi Bottling Group in 1998 and was employed there until he was discharged on May 14, 2004. At the time of his discharge, plaintiff worked as a forklift driver in defendants' warehouse. At the time of his hiring, plaintiff was given a copy of defendants' Employee Handbook which he read and signed the acknowledgment agreeing to abide by it.

Under the policy included in the Employee Handbook, an employee who accumulated three "no call / no show" absences within a rolling 12-month period would be terminated. Further, under the policy, leaving a voice mail was an unacceptable method of complying with the policy.

Plaintiff does not contest that he was absent from work on March 6, 2004, April 24, 2004, and May 13, 2004. At least the last two of these absences were due to an injury which plaintiff received to his left knee while playing flag football.

Plaintiff missed a day of work on April 13, 2004, to receive treatment on the knee. He brought in a doctor's note for that day and that treatment, and the absence was excused. He then also made a request for personal or vacation time to receive further treatment to the knee. He admits that he knew defendants' policies and practices for handling requests for FMLA leave, as he had successfully requested FMLA leave from defendants in the past. Nevertheless, he admits that he did not put in a request for FMLA leave for a serious medical condition, nor did he provide a doctor's certification of such a condition.

After plaintiff's second "no call / no show" on April 24, 2004, Mr. Maso and David Rookstool, Mr. Maso's immediate supervisor, met with plaintiff to discuss

3

his attendance violations, issued him a disciplinary action report detailing plaintiff's various attendance violations, and requested that he review the defendants' attendance policy.

After plaintiff's third "no call / no show" absence on May 14, 2004, plaintiff was informed that he was suspended from work pending further investigation and was ultimately terminated for violating the attendance policy. It is undisputed that plaintiff did at no time obtain certification from his physician that he was unable to perform the requirements of his work because of a serious medical condition or attempt to present such certification to the defendants.

Plaintiff has submitted the affidavit of a witness named Al Pack claiming that on or about April 14, 2004, plaintiff attempted to give Mr. Maso some medical records concerning a torn ACL and damaged cartilage in his left knee. Mr. Pack claims that plaintiff "was wanting to go on FMLA." Mr. Pack's affidavit does not comply with Rule 56(e) in that it not made on personal knowledge nor does it "show affirmatively that [Mr. Pack] is competent to testify to matters asserted therein." In addition, Mr. Pack's affidavit is in contradiction to plaintiff's sworn deposition testimony that he did not request FMLA leave, but rather vacation time off. Further, Mr. Pack's affidavit is in contradiction to the undisputed evidence that the paper work plaintiff gave to Mr. Maso was a full release to return to work without restrictions.

## II.

### *Summary Judgment Standards*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

III.

### *Analysis*

"[T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. J H Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998). "The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious medical condition." *Id.* Plaintiff admits in his deposition that he knew the requirements for obtaining FMLA leave and that he did not comply with them. Even assuming that plaintiff had given the defendants notice, his doctor's certification was not that plaintiff needed time off because of a serious medical condition, but rather that plaintiff's condition was such that he was fully capable of returning to his work.

Under the circumstances, no questions of material fact remain to be determined, and the defendants are entitled to summary judgment on the FMLA claims.

IV.

*Conclusion*

In light of the foregoing, defendants' motion for summary judgment [Court File #5] will be granted and this action dismissed.

Order accordingly.

                                              *s/ James H. Jarvis*
                                        UNITED STATES DISTRICT JUDGE